James E. Berry v. Commissioner.
Berry v. Commissioner
Docket No. 37963.
United States Tax Court
1954 Tax Ct. Memo LEXIS 295; 13 T.C.M. (CCH) 158; T.C.M. (RIA) 54056; February 18, 1954
*295 Wesley E. Disney, Esq., 2511 Liberty Bank Building, Oklahoma City, Okla., and J. Eben Hart, Esq., for the petitioner. Edward L. Compton, Jr., Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $6,939.23 in the income tax of the petitioner for 1946. The only issue for decision is whether the petitioner had taxable income of $5,714.06, or any lesser amount, in 1946 from interest on Abitibi Power & Paper Company, Limited, bonds. The facts have been stipulated and are found in accordance with the stipulation. The petitioner filed his return for 1946 with the collector of internal revenue for the District of Oklahoma. Berry purchased $10,000 par value of Abitibi Power & Paper Company, Limited, First Mortgage Gold Bonds, Series A, 5% bonds due in 1953. The purchase was at par on or prior to January 1, 1929. The debtor defaulted on the interest due on the bonds on June 1, 1932 and was placed in receivership in 1932. A reorganization was effected in 1946. The plan of reorganization settled and compromised the amount owing on the bonds and the unpaid past due coupons, after credit for payments made during *296 the receivership, as follows: Per $1,000 bond
Unpaid principal
$ 525
Unpaid interest
500
$1,025
Interest on unpaid interest
75
$1,100 payable in United States dollars, if desired, or $1,100 principal amount of new 5% bonds of the reorganized company due June 1, 1965. Berry exchanged his old bonds and unpaid coupons in 1946 for $11,000 par value of the new bonds. The reorganization was a reorganization within section 112 (g) (1) of the Internal Revenue Code. The petitioner reported no income from interest as a result of the 1946 exchange. The Commissioner added $5,714.06 to income as "Bond interest income" which he explained represented the fair market value of bonds received on account of past due interest. The Commissioner contends that the petitioner must allocate the new bonds to principal and interest in the proportion that each was due and interest should be reported for 1946 equal to the fair market value of the bonds thus allocated to past due interest. He concedes that the point has been decided against him by this Court. The issue is decided against the Commissioner upon authority of William W. Carman, 13 T.C. 1029, *297 affd. 189 Fed. (2d) 363 and Morris Shanis, 19 T.C. 641. Decision will be entered under Rule 50.